VALENTÍN CASTRILLO, Plaintiff and Appellee, *v.* GREGORIO MALDONADO, Defendant and Appellant.

No. AP-66-48.      Decided March 29, 1968.

*Víctor Alberty Ruiz* for appellant. *Arturo Aponte Parés* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

This case deals with the revendication of a parcel of 4 cuerdas of land, allegedly located within the property of 13 cuerdas belonging to appellee and occupied by appellant. On the grounds stated below, we conclude that the revendication requested does not lie, and by virtue thereof we reverse the judgment of the trial court which sustained the complaint in this case, and ordered appellant to grant appellee the aforementioned parcel. The complaint in this case should be dismissed.

Appellee alleged in his complaint that he is the owner of a property of 13 cuerdas in the ward of Tomás de Castro in Caguas, recorded in the Registry of Property since December 13, 1911, and that appellant occupies and possesses therein a parcel of 4 cuerdas which is bounded on all its sides by appellee's property. Appellant denied the facts and alleged three affirmative defenses. After various continuances, the evidence was presented before the trial court. The following was admitted in evidence (1) a plan of the two properties in question prepared by civil engineer Víctor Ortiz Muñoz, appointed by the trial court and with the parties' mutual consent, to make a survey of the properties, in which the area of appellee's property appears to be 10.771 cuerdas, while that of appellant appears to have an area of 4.042 cuerdas; (2) the assessment map of the Commonwealth Government of Puerto Rico in which appellee's property was laid out; (3) a certified copy of the registration record of appellee's property in which no segregation is shown, and a copy of the title deed of the property which appellee pos-

sesses. In relation to the previous ownership of the afore-mentioned property, appellant presented a copy of a deed of cancellation of mortgage executed by spouses Rosado Ribot, predecessors in title of appellee's property, and Valentín Villafañe and his wife, from whom the former bought the land. It was stipulated in said deed that because the vendors were not sure that the property described in the Registry had an area of 13 cuerdas, in order to avoid disputes and expenses for rectification of the area, the purchasers accepted the area which the property had on the spot according to the boundaries, and that if after a survey it would appear to have less than 13 cuerdas "they accept it and waive any right which they could have to claim the difference."

Appellant also presented copies of the deeds of conveyance of the unrecorded title of a property of 5 1/2 cuerdas, the first of which was executed on June 4, 1932, by José López Díaz himself, who originally recorded appellee's property; and the last, on May 4, 1951, by virtue of which appellant acquired a parcel of approximately 4 cuerdas segregated to that effect from the property of 5 1/2 cuerdas belonging to Ramón López Díaz, who in turn acquired the property of 5 1/2 cuerdas from Esteban López Vélez and his wife María Isabel Reyes.

Esteban López Vélez testified that appellee has a property in the ward of Tomás de Castro, of which the witness has known for some 60 years; that the boundaries of that property have never been altered; that the witness has a property of 5 1/2 cuerdas bounded on the south by the aforementioned property; that he sold to appellant in 1951 a part of the property belonging to the witness Ramón López Díaz.

Engineer Ortiz Muñoz, who prepared the survey plan of the properties of the litigants, testified that he summoned the adjacent owners; that Esteban López indicated the landmarks set forth in the plan he prepared; that in the western

configuration of appellee's property there is a difference between his plan and the one made by assessment, for in the one which the witness prepared, the curve of the highway passes through appellee's property, and in the one prepared by assessment, said property is bounded by said curve; that the southern boundary of appellee's property appears in the assessment's map as a straight line, and on the contrary in his "It is far from being a straight line, there is a notable deviation towards the North," which proves that appellee's property had lost land; that if he had drawn the southern boundary of appellee's property as a straight line, as it appears in the assessment's plan, appellant's property would have fallen within appellee's.

Appellee himself testified that his property contains 13 cuerdas; that he did not sell any part of it to appellant; that he made claims to the latter many times; that appellant bought from Esteban López; that he has paid taxes for 13 cuerdas.

The trial court concluded that appellant occupies the parcel of 4.042 cuerdas which forms part of appellee's property of 13 cuerdas; that appellant acquired the portion of land, which he occupies within appellee's property, by purchase from Ramón López Díaz, who does not have any property adjacent to appellee's. In view thereof, it sustained the complaint, and ordered appellant to deliver appellee the property which he occupies within the latter's property.

Feeling aggrieved, appellant filed an appeal in which he alleges:

(1) That the judgment appealed from violates the due process of law and deprives appellant of the equal protection of the laws, and unlawfully deprives him of his property.

(2) That since appellant has possessed for more than 50 years the property of which the judgment appealed from dispossesses him, since said possession has been public, uninterruptedly peaceful, with proper title, and in the capacity as

owner, the judgment in issue deprives appellant of the protection offered by §§ 1859 and 1860 of the Civil Code.

(3) That the judgment appealed from unlawfully increases the area of appellee's property, and unlawfully dispossesses appellant of his property.

(4) That the evidence offered by appellee is for the purposes of establishing an action for determining the boundaries of the property.

(5) That documentary evidence appears in the record to the effect that the person who sold to appellee stipulated that appellee's property had an area of thirteen (13) cuerdas more or less, which he states to avoid suits and problems.

In his brief he states that: "The trial court (a) committed error in sustaining the complaint because the evidence is insufficient at law to support the allegations of the plaintiff; and (b) committed error in deciding that defendant wrongfully holds a parcel of land of 4.042 cuerdas, and this judgment violates the due process of law and deprives the defendant of the equal protection of the laws, and unlawfully dispossesses him of his property."

■ This appeal does not raise a substantial constitutional question which permits this Court to exercise its appellate jurisdiction. It does not suffice to set forth an alleged constitutional question, when the issue actually raised is that error was committed in the weighing of the evidence. However, and pursuant to subdivision (f) of § 14 of Act No. 11 of July 24, 1952 (Judiciary Act—4 L.P.R.A. § 37(f)), we shall consider the present petition as one for review and we shall decide the issue raised on its merits. *Soltero* v. *Secretary of the Treasury*, 86 P.R.R. 25 (1962).

■ In the weighing of the documentary evidence this Court is in the same position as the trial court. *Central Igualdad, Inc.* v. *Secretary of the Treasury*, 83 P.R.R. 44 (1961).

It appears from the documentary evidence and from the plans, that appellee is owner of a property which, according to the Registry, has an area of 13 cuerdas, but when surveyed by the engineer appointed by the court in accordance with the parties, it yielded an area of 10.771 cuerdas. This is due to the fact that the configuration and boundaries of the property, according to the landmarks pointed out to engineer Ortiz Muñoz by the adjacent owners, all of whom he summoned—landmarks which he laid out in his plan—reveal, in comparing said plan with the one made by assessment, that the boundaries of appellee's property vary not only on the south and west boundaries but also on all of the others, and therefore, it appears to have the less area indicated. This is not unusual in this case, since due to the sale of said property to the spouses Rosado Ribot, by Valentín Villafañe that less area was anticipated, and it was stipulated that the former accepted the area which the property had on the spot, and that they waived the right to claim the difference up to the registered area of 13 cuerdas. As to the area of the property, the engineer Ortiz Muñoz' plan is more precise and credible, because the latter was appointed by mutual consent of the parties, and said engineer laid out the properties in his plan after identifying all of its landmarks with the help of the adjacent owners.

Even if the southern boundary of appellee's property would have been laid out in that plan as a straight line, the whole of appellant's property would not have appeared comprised within appellee's property, but only a small part of the former would have appeared comprised within the latter. It is not right to conclude that appellant's property is comprised within appellee's because that would mean that this latter property has an area of more than the thirteen cuerdas recorded, although, according to the boundaries thereof, laid out in the plan by engineer Ortiz Muñoz, the property has obviously lost land by its west, east, and north boundaries,

when compared with the ones which appear in the assessment map.

It appears from the documentary evidence that appellant and his predecessors in title have possessed, for more than thirty years, peacefully and uninterruptedly, the property sought to be revendicated.

■■ The evidence presented does not convince us that appellee was complying with his obligation of *properly describing, defining*, and *identifying* the land he was seeking to revendicate. In matters of revendication of real property, its location, area, and boundaries must be established *with precision*, and it must be shown during the trial that the land which is claimed is the one referred to in the documents, titles and other means of evidence on which the plaintiff bases his claim. 3 Manresa, *Comentarios al Código Civil Español* 138; *Commonwealth* v. *Pérez*, 83 P.R.R. 832, 846 (1961); *Velázquez* v. *Velázquez*, 82 P.R.R. 600, 611 (1961). The object of revendication is not to recover any number of cuerdas but a specific and fixed number, *Sevilla* v. *Cía. Azucarera del Toa*, 69 P.R.R. 231 (1948).

■ In a controversy like this one, the plans constitute, at least, part of the evidence which a court could use in restoring the true limits of the boundaries of several tenements. *Arce* v. *Díaz*, 77 P.R.R. 589 (1954).

■ Appellee sustains in his brief that appellant's title is not valid but is absolutely void because his ownership title, if such a title exists, is a segregation of a parcel which contains less than 5 cuerdas, without having obtained the permit from the Planning Board for said segregation, said act being void. It is true that this Court has held that such act is void because it violates the provisions of law, *Soto* v. *Feliciano*, 80 P.R.R. 595 (1958). However, in order to prevail in revendicatory actions, the plaintiffs should base them on the probatory strength of their titles, not on the weak-

870

ness of defendant's title. They should also properly identify the property object of the proceeding. *Heirs of Meléndez* v. *Almodóvar*, 70 P.R.R. 500 (1949). In the present appeal, as we have already indicated, appellee did not comply with these requirements.

In view of the foregoing the judgment rendered by the Superior Court, Caguas Part, on March 3, 1965, will be reversed, and another rendered dismissing the complaint for revendication.